Filed 10/26/22 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| Adoption of M.R., a Minor. | C095856 |
| B.B., | (Super. Ct. No. 21CVSA6601) |
| Plaintiff and Respondent, | MODIFICATION OF OPINION |
| v. | |
| A.R., | [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT:

On the court's own motion, it is ordered that the opinion filed herein on September 27, 2022, and ordered published on October 21, 2022, be modified as follows:

1

1. On page 4, in the first paragraph, modify the citation "(*In re G.A.* (2022) 81 Cal.App.5th 355, 360 (*G.A.*)" and replace it with "(*In re G.A.* (2022) 81 Cal.App.5th 355, 360 (review granted, Oct. 12, 2022, S276056) (*G.A.*)"

2. In the subsequent references to the *G.A.* case on pages 6 and 7, the words "review granted" should be inserted after the last page number in the citation, preceded by a comma.

This modification does not affect the judgment.

FOR THE COURT:


_____/s/_____
Hull, Acting P. J.


_____/s/_____
Duarte, J.


_____/s/_____
Boulware Eurie, J.

Filed 9/27/22 Certified for Publication 10/21/22 (order attached) (unmodified opinion)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| Adoption of M.R., a Minor. | C095856 |
| B.B., | (Super. Ct. No. 21CVSA6601) |
| Plaintiff and Respondent, | |
| v. | |
| A.R., | |
| Defendant and Appellant. | |

Father of the minor M.R. appeals from the trial court's judgment after court trial freeing the minor from father's custody and control, and freeing the minor for adoption by the maternal great-grandmother (grandmother). (Fam. Code, § 7822; Prob. Code, § 1516.5.) Father contends the court failed to comply with the inquiry and notice

requirements under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.), because (1) the court-appointed investigator and the court failed to investigate extended family members and (2) the court made no findings as to whether the minor is an Indian child. As we next explain, we will conditionally reverse the judgment and remand for limited proceedings to ensure compliance with the ICWA.

## FACTUAL AND PROCEDURAL BACKGROUND

Because the issue on appeal is limited to ICWA compliance, we dispense with a detailed recitation of the underlying facts and procedure. It suffices to say that grandmother was awarded legal guardianship of the minor (who was then seven years old) in May 2019. She had cared for the minor since 2013, except for a few short periods when the minor briefly returned to mother's care.

In February 2021, mother died. Later that month, grandmother filed a request to adopt the minor.[1] In May 2021, grandmother filed a petition to declare the minor free from parental custody and control, stating father had abandoned the minor. (Fam. Code, §§ 7820 et seq.) Father refused to consent to the adoption. The court appointed counsel for father and the minor, and set a contested hearing.

In March 2021, grandmother filed an ICWA-020 form (Parental Notification of Indian Status) informing the court she had no known Indian ancestry. Father also completed an ICWA-020 form in May 2021 informing the court he had no known Indian ancestry. In July 2021, a court-appointed investigator filed a report stating that there was no indication the minor had any Indian heritage.

The trial court held a contested hearing in December 2021, during which father and other relatives testified. The court did not ask about possible Indian heritage or otherwise address the issue during the hearing. The court indicated it would consider the

---

[1] The maternal great-grandfather passed away in 2016.

2

petition under both Family Code section 7822 (abandonment) and Probate Code section 1516.5 (best interests).

The trial court issued a tentative written ruling in January 2022 granting the petition under both Family Code section 7822 and Probate Code section 1516.5, and allowing the adoption to proceed. The court signed a judgment to the same effect later that month, but did not address the ICWA or make any related findings in either the tentative written ruling or the judgment. On March 10, 2022, the Department of Social Services, Adoption Services Bureau filed a report that included an ICWA-010(A) form stating that it had made an inquiry and determined that the minor had no known Indian ancestry. That same day, father timely appealed the court's judgment after trial.

The case was fully briefed on August 19, 2022, and respondent subsequently requested oral argument. The case was argued on September 21, 2022.

## DISCUSSION

Father contends the trial court and its appointed investigator failed to make an adequate inquiry of extended family members to determine if the minor had Indian ancestry. He further argues that the court failed to make findings on the application of the ICWA in this case. Grandmother responds only that any error was harmless.

Because the trial court made neither express nor implied findings as to application of the ICWA, given the requirements of the statutes on which the trial court relied in making its ruling and the lack of information before it at the time of entry of judgment, we will conditionally reverse and remand the matter for ICWA compliance, including entry of the required findings.

I

*Applicable Law*

" 'The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency

3

proceedings.  [Citations.]  A major purpose of the ICWA is to protect "Indian children who are members of or are eligible for membership in an Indian tribe." ' "  (*In re G.A.* (2022) 81 Cal.App.5th 355, 360 (*G.A.*).)  An " 'Indian child' " is a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe."  (25 U.S.C. § 1903(4).)

In the context of a petition to free a minor from a parent's custody and care pursuant to Family Code section 7820 or 7822 or Probate Code section 1516.5, the court, petitioner, and court-appointed investigator have an affirmative and continuing duty to inquire whether the child is, or might be, an Indian child.  (*In re Noreen G.* (2010) 181 Cal.App.4th 1359, 1387; see also Cal. Rules of Court, rule 5.481(a)(1).)

Both the Probate Code and Family Code make clear that a court must determine a minor's Indian status before freeing the child from a parent's custody or control pursuant to either Probate Code section 1516.5 or Family Code section 7820 or 7822.  Indeed, Probate Code section 1516.5 is *inapplicable* if a minor is an Indian child.  (Prob. Code, § 1516.5, subd. (d).)

Further, the court must make certain required findings prior to freeing an Indian child from a parent's custody and control under Family Code section 7820 et seq.  (Fam. Code, § 7892.5.)  The notice and inquiry requirements of the Welfare and Institutions Code apply to proceedings under both the Probate Code (Prob. Code, § 1459.5 [Welf. & Inst. Code, §§ 224.3 through 224.6 apply to proceedings where ICWA applies]) and the Family Code (Fam. Code, § 177 [Welf. & Inst. Code, §§ 224.2 through 224.6 apply to an Indian child custody proceeding]), and courts have made clear it is error for a court applying the Welfare and Institutions Code to fail to determine whether ICWA applies.  (*In re Jennifer A.* (2002) 103 Cal.App.4th 692, 704-705.)

We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence.  (*In re Noreen G., supra*, 181 Cal.App.4th at p. 1384; *In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

4

*Analysis*

A. *Failure to Make ICWA Findings*

Father argues the trial court erroneously failed to make ICWA findings, including whether the minor is an Indian child. Grandmother does not argue the absence of error, and we agree with father. The court made no findings as to whether the ICWA applied before freeing the minor from father's custody and control under Probate Code section 1516.5 and Family Code section 7822. Nor did the court make any of the required findings under Family Code section 7892.5. No ICWA findings were made at any point in the proceeding. This was error.

Grandmother does not separately address the trial court's failure to make findings, and argues only that any error was harmless when addressing the challenge to the adequacy of the inquiry. As we next explain, although we do not disagree that the record before us shows no reason to believe the ICWA applies to the minor despite *some* inquiry, because of the lack of findings when applying the statutes at issue here and the limited information before the trial court at the time judgment was entered, we must remand for additional inquiry and entry of findings.

B. *Adequacy of the Inquiry*

Father argues the ICWA inquiry was inadequate here because there was no documented inquiry of extended family members. He points to Family Code section 177 and Probate Code section 1459.5, which require the court to apply certain inquiry and notice requirements of the Welfare and Institutions Code (as we have set forth above in our discussion of the applicable law) in proceedings involving an Indian child.

Grandmother argues any error in the inquiry was harmless as there was and remains no reason to believe the minor is an Indian child. Father specifically argues in reply that this case is distinguishable from our recent opinion holding various failures to inquire regarding ICWA inquiries to be harmless where no reason to believe the child is

an Indian child has presented itself throughout the proceedings, including on appeal, and indeed all the evidence is to the contrary. (See *G.A., supra,* 81 Cal.App.5th at p. 360.) In some instances, father argues, recent appellate cases with similar holdings were wrongly decided. (See *In re Dezi C*. (2022) 79 Cal.App.5th 769, review granted, Sep. 21, 2022, S275578.) He adds that the inapplicability of Probate Code section 1516.5, on which the trial court relied in part in making its ruling, to Indian children further distinguishes his case from the authority against his position, noting that this statute "is merely a best interests determination, and does not require [proof of] the [narrower] elements of Family Code section 7822 , such as a leaving, a time frame of abandonment, and an intent to abandon." He points out (correctly) that here the trial court's ruling appeared primarily focused on the minor's best interests, rather than on the required elements of abandonment.

We initially agree with grandmother that nothing within the record of this case, or even offered for us to consider on appeal, indicates any reason to believe the ICWA may apply to the minor. Indeed, all available evidence is to the contrary. Both the grandmother and father informed the court they had no Indian heritage. The applicability of the ICWA was examined by the court-appointed investigator, who filed a report stating that there was no indication of Indian heritage. Further, as noted above, the Department of Social Services, Adoption Services Bureau filed an ICWA-010(A) form the same day father filed his notice of appeal from the judgment; the Bureau stated that it had made an inquiry and determined that the minor had no known Indian ancestry. Now, on appeal, father points to nothing in the record and proffers no reason the evidence that *is* available should be disregarded in favor of remand for additional inquiry. (See *G.A., supra*, 81 Cal.App.5th at p. 364 [parent asserting failure to inquire where there is no evidence below must make an offer of proof or affirmatively claim Indian heritage on appeal].)

It does appear, however, that this case is distinguishable from *G.A.*, *supra*, 81 Cal.App.5th 355, and *In re Dezi C.*, *supra*, 79 Cal.App.5th 769, review granted, September 21, 2022, S275578, where any error in failing to inquire was found harmless. Those cases were dependency cases, composed of multiple proceedings that resulted in multiple reports regarding possible application of the ICWA, which consistently had indicated no reason to believe the ICWA applied. In both of those cases, both sets of the children's parents attested to their individual lack of Indian heritage *and*, in the latter case, the juvenile court had explicitly found the ICWA did not apply. (*G.A.*, at pp. 359-360, 364; *In re Dezi C.*, at pp. 776, 786.) The instant case is not a dependency case, and the Probate Code section relied on in large part by the trial court *explicitly did not apply* if the ICWA was at play. Yet, no ICWA finding was made prior to the trial court's reliance on that statute in its ruling.

Further, although here the maternal *great*-grandmother declared no heritage as to herself, she was the closest maternal relative to do so, and there is no evidence that any further inquiry was attempted from living relatives. Unlike *G.A.*, *supra*, 81 Cal.App.5th at page 354, where we noted: "This is not a case in which one parent was missing or unavailable to report or deny Indian ancestry, giving rise to a duty to ask relatives about their ancestry," the instant case *is* such a case. Finally, one of the two reports of no Indian heritage on which grandmother relies, the form filed by the Adoption Services Bureau and described above, was filed *after* the trial court entered judgment in this case. Although the timing of the form and its lack of consideration by the trial court prior to that court's entry of judgment is not dispositive to our discussion of harmlessness, as we consider the entire record when making that determination, it is certainly relevant to our consideration of whether we are able to direct express findings without conditional reversal, as we did in *G.A.*, *supra*, 81 Cal.App.5th at pages 358 and 365.

7

These factors also distinguish this case from other situations where the lack of inquiry (and, in the case of *G.A, supra,* 81 Cal.App.5th at pages 358 and 360, the lack of express findings entered at the hearing being appealed) was ultimately deemed harmless. We therefore conclude that we must conditionally reverse and remand this case for compliance with the ICWA, where father may proffer to the juvenile court any information he contends would provide insight as to the minor's possible Indian heritage, and where those tasked with ensuring their ensuing investigation of the minor's Indian heritage--including inquiring of mother's paternal relatives and the missing branches of her maternal family tree, if available--is thorough and well documented may do so. After such proffer and further inquiry, the trial court shall enter findings on the ICWA and, if it finds the child is not an Indian child, it shall reinstate the judgment. If it finds the child an Indian child, it shall conduct a new trial and proceed in accordance with the ICWA.[2]

## DISPOSITION

The judgment is conditionally reversed and remanded for the limited purpose of compliance with the ICWA, including the trial court's entry of findings related to the ICWA at the conclusion of the inquiry. If, after proper and complete inquiry, the minor is found not to be an Indian child falling within the provisions of the ICWA, the judgment shall be reinstated. However, if a tribe determines the minor is an Indian child

---

[2]  Given our conclusion we must conditionally reverse the judgment given the limited information before the trial court and lack of any findings by that court, we deny grandmother's pending August 5, 2022 request for judicial notice of the record in our case No. C092295, an appeal concerning a separate dependency case not involving the subject minor. We also deny grandmother's (concurrently filed) pending motion to take new evidence, seeking admission of this same information. Neither the trial court nor the court investigator considered these confidential records. (Welf. & Inst. Code, § 827.) Accordingly, the information contained therein does not assist in our resolution of this appeal.

8

as defined by the ICWA and the court determines the ICWA applies to this case, the court is ordered to conduct a new trial and proceed in accordance with the ICWA.


                                                 /s/
                                          Duarte, J.


We concur:


     /s/
Hull, Acting P. J.


     /s/
Boulware Eurie, J.

Filed 10/21/22

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| Adoption of M.R., a Minor. | C095856 |
| B.B., | (Super. Ct. No. 21CVSA6601) |
| Plaintiff and Respondent, | ORDER GRANTING PUBLICATION |
| v. | |
| A.R., | |
| Defendant and Appellant. | |

THE COURT:

Appellant A.R. filed a request for publication with this court.  The opinion in the above-entitled matter filed September 27, 2022, was not certified for publication in the Official Reports.  For good cause it now appears the opinion should be published in the Official Reports, and it is so ordered.

1

FOR THE COURT:

          /s/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Hull, Acting P. J.


          /s/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Duarte, J.


          /s/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Boulware Eurie, J.

EDITORIAL LISTING


APPEAL from a judgment of the Superior Court of Shasta County, Molly A. Bigelow, Judge.   Reversed and remanded with directions.


Carole A. Koenig, under appointment by the Court of Appeal, for Defendant and Appellant.


Sheila Pendergast Law Corp. and Sheila W. Pendergast for Plaintiff and Respondent.